William Wyman *versus* Abner Hammond.

To be conclusive upon the parties to it, an award must contain in express terms a clear and distinct determination of the exact point submitted.

A line being in dispute, the owners of the land submitted to the arbitrator "to run said line, according to his best judgment, agreeable to the decision of" a former arbitrator, who had, under a former submission, made a survey and established the line. The award under the latter submission was, that " the line should be according to an old and well marked line traced by" the latter arbitrator, — then followed a description of the line by courses, distances and monuments. In the trial of a writ of entry, claiming to the line made by the latter award : — *Held,*

1. That the single question in the last submission was to ascertain where, upon the face of the earth, was the line established by the former arbitrator ; and,

2. That the award, not having followed the submission, was not conclusive.

On Report.

Writ of Entry for a lot of land in Sidney.

It appeared that the parties, owning adjoining lots, having

disputed about the dividing line, referred the settlement of the dispute, in 1860, to one M. B. Bliss, a surveyor, who made a survey and an award establishing the line.    Afterwards, the parties disagreeing about the line, entered into a submission, declaring that, — " not being able to agree as to the dividing line,   *   *   they submit the question of the said dividing line to John A. Pettingill, and agree to meet on the premises on August 2, 1864, and submit the whole question to the said Pettingill, and to furnish such assistance as the said Pettingill may require.    And it is agreed by the parties that the said Pettingill is to run said line agreeable to Moses B. Bliss' decision in 1860, according to said Pettingill's best judgment."    In August, 1864, Pettingill made an award, (omitting formal parts,) that, " upon due consideration," &c., he is " of the opinion that the line in dispute between the contending parties should be according to an old and well marked line, traced by me, Aug. 9, 1864, which line runs from," &c.    Here follows a description of the line established by Pettingill, by courses, distances and monuments.

The plaintiff offered to prove that, when Pettingill heard the parties and made the survey, the plaintiff did not know where the Bliss line was and had no one to point it out to him ; that it was not shown to Pettingill ; that the line established by Pettingill is thirty rods from the Bliss line ; that Bliss subsequently pointed it out to him ; that he called upon Pettingill, before he made his award, made known the facts and requested a rehearing ; but that Pettingill refused to grant it ; and that the line established by Pettingill was not the true line.    But the defendant contended, and the presiding Judge ruled, that the award was conclusive. Thereupon the case was reported to the full Court, with an agreement that, if the award was not conclusive, the action to stand for trial.

*A. Libbey,* for the plaintiff, cited

*Clement* v. *Craigin,* 1 Maine, 300 ; *Hayes* v. *Trask,* 31 Maine, 112 ; *Sawyer* v. *Freeman,* 35 Maine, 542 ; *Merrill*

v. *Gold*, 1 Cush., 457; *Bean* v. *Farnham*, 6 Pick., 269; *Strong* v. *Strong*, 9 Cush., 561.

*S. Titcomb*, for the defendant, cited

*Sweeney* v. *Miller*, 34 Maine, 390; *Randall* v. *LaFleur*, 6 Allen, 482; *Cushing* v. *Babcock*, 38 Maine, 456; *North Yarmouth* v. *Cumberland*, 6 Maine, 21; *Drane* v. *Coffin*, 17 Maine, 52; Watson on Awards, 161; *Tyler* v. *Dyer*, 13 Maine, 47; *Munday* v. *Black*, 9 Com. B., N. S., 557.

KENT, J. — The question is whether the award is conclusive, and a bar to the prosecution of this writ of entry. It appears, from the report, that the only question in dispute between the parties was the dividing line between their respective lots of land, — that some years ago the parties referred the settlement of the line to M. B. Bliss, who made a survey and made an award, establishing the line. Afterterwards the parties disagreed about the line and entered into a new reference to J. A. Pettingill. This submission and the award made by Pettingill are made part of the case.

The first question is, what was submitted? The parties had a right to submit the whole question anew, disregarding the former adjudication, or they might submit any single question arising under that award first made. On inspection of the paper containing the last submission, it is evident that the question then in dispute was, where on the face of the earth was the line established by Bliss? It is true that the first part of the submission is general in its terms, but the conclusion is in these words, — "And it is hereby agreed by the parties that the said Pettingill is to run said line agreeable to Moses B. Bliss' decision of Aug. 18, 1860, according to said Pettingill's best judgment." This language limits and qualifies all that precedes it. It authorizes the referee to determine where the line established by Bliss is in fact to be found, according to his best judgment, after hearing the parties and their proof. Any other construction would render the words above quoted nugatory and idle. But they cannot be disregarded. They are dis-

Wyman *v.* Hammond.

tinct and absolute, and show that the parties intended to limit the power of the new arbitrator, to the single point above indicated.

It is undoubted law that the award must follow the agreement of submission. It must determine the question submitted. The arbitrator cannot assume to determine points not fairly included, expressly or by necessary implication, in the submission. If he does, his award, as to such points, is invalid and not binding on the parties. It is unnecessary to cite authorities on this point.

The award makes no reference to the Bliss line, but declares that, upon full consideration, he is of " opinion that the line in dispute between the contending parties should be according to an old and well marked line, traced by me, Aug. 9, 1864." He then proceeds to describe the courses, distances and monuments on that old line.

It is not pretended that this old line is the line established by Bliss. If· parol evidence would be admissible, if offered by the defendant, to show their identity, none such was offered. On the contrary, the plaintiff offered to prove that it was not, and that the Bliss line was not examined or considered by Pettingill. The Judge ruled that the award was conclusive, and that the evidence offered would not authorize a jury to go behind it. But, to be thus conclusive, it must on its face be a clear and distinct determination, in express terms, of the exact point submitted. It is evident that this award was not in any part based on the former adjudication. It purports to determine the line on the whole case, as if it had been generally and unqualifiedly referred to his determination. The award does not follow the submission, and. therefore is not binding or conclusive on the parties.

According to agreement of the parties,

*The case must stand for trial.*

APPLETON, C. J., WALTON, DICKERSON, DANFORTH and TAPLEY, JJ., concurred.